JS 44      District of Colorado   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. *SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Deena George

**DEFENDANTS**
LHC Group, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephan Zouras, LLP, 100 N. Riverside Plaza, STE 2150, Chicago, IL 60606
312-233-1550; The Law Offices of Brian D. Gonazles, PLLC, 2580 East
Harmony Rd., STE 201, Fort Collins CO 80528, 970-212-4665

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities Employment
- [ ] 446 Amer. w/Disabilities Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee -

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 U.S.C. § 201
Brief description of cause:
     [ ] AP Docket

**VII. REQUESTED IN COMPLAINT:**
- [X] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

DATE
09/11/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ James B. Zouras

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02760

**DEENA GEORGE, individually and
on behalf of all others similarly situated**

       **Plaintiff,**

**v.**

**LHC GROUP, INC.,**

       **Defendant.**

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

    Deena George ("Plaintiff"), by and through her undersigned attorneys, hereby makes the following allegations against LHC Group, Inc. ("Defendant"), and alleges upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

**<u>NATURE OF THE ACTION</u>**

    1.    Plaintiff brings this action to redress Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* (the "Wage Claim Act"), and Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Orders and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1, *et seq.* (the "CMWA"), by knowingly failing to pay its Physical Therapist Assistants, Certified Occupational Therapy Assistants, Licensed Practical Nurses, other similarly-designated skilled care positions (collectively, "Clinical Assistants") proper overtime premium wages for the overtime work they performed despite

1

knowingly paying them pursuant to a hybrid "per visit" and hourly pay scheme and classifying them as non-exempt from overtime pay. Namely, Defendant (1) improperly paid Clinical Assistants half-time rather than 1½ times their regular rate of pay for recorded hours worked in excess of forty per workweek and (2) failed to record or pay for all hours worked in excess of forty per workweek and twelve hours per workday.  In addition, Plaintiff alleges Defendant violated the Wage Claim Act by failing to pay Plaintiff and other similarly-situated employees their earned bonus pay on separation from employment.

2.      Plaintiff George brings her FLSA claims on a collective basis pursuant to 29 U.S.C. § 216(b) for all people who worked as home health Clinical Assistants for Defendant at any point during the maximum limitations period (the "FLSA Class").

3.      Plaintiff George brings her Colorado Wage Claim Act and CMWA claims on a class basis pursuant to Fed. R. Civ. P. 23 for all similarly situated individuals who worked as home health Clinical Assistants for Defendant at any point in the state of Colorado during the maximum limitations period ("The Colorado Class").

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that claims under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

5.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims arise from the same occurrence or transaction as Plaintiff's FLSA claim and are so related to this claim as to form part of the same case or

controversy.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff George resides in this District, Plaintiff George worked for Defendant in this District, Plaintiff George suffered the losses at issue in this District Defendant has significant business contacts in this District, Defendant is alleged to have engaged in the wrongful conduct at issue in this District, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8.      Plaintiff Deena George is a resident of El Paso County, Colorado. From approximately May 2018 through April 21, 2020, Plaintiff George worked as a Physical Therapist Assistant for Defendant, performing home health care services in this District. During the first year of her employment, Plaintiff worked on a part-time "as needed" basis, but on or about May 2019, Plaintiff became a full-time employee. Throughout her employment, Defendant paid Plaintiff on a combined "per-visit" / hourly basis, however when Plaintiff transitioned to full-time employment, her pay did not include the payment of proper overtime premium wages for the work she performed beyond forty hours in any workweek or beyond twelve hours in any workday. In addition, on separation from employment, Defendant did not pay Plaintiff her earned and vested bonus pay. As a result, Plaintiff George is personally familiar with, and was personally affected by, the policies and practices described in this Complaint.

9.      Plaintiff George has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). *See* Consent Form (Exhibit A).

10.      Defendant LHC Group, Inc. is a Delaware corporation with its headquarters located at 901 Hugh Wallis Road South in Lafayette, Louisiana. Defendant's core business involves

providing home health care services in at least 35 states, including multiple locations in Colorado. As discussed more fully below, Defendant is directly responsible for the operation of its home health care business, and for the policies, practices, and conduct at issue in this case.

## **BACKGROUND FACTS**

### **LHC Group's Failure to Pay Proper Overtime Compensation**

11.    This action arises out of Defendant's systematic, company-wide failure to timely pay Plaintiff and other similarly situated home health Clinical Assistants proper overtime compensation as required by the FLSA and state wage law. The affected employees worked for Defendant as Clinical Assistants, whose primary duties involved providing health care services to patients in their homes.

12.    During the relevant statutory period, Defendant has maintained a uniform corporate policy and practice of paying Clinical Assistants pursuant to a compensation method which includes "per visit" payments for some work, hourly payments for other work, and no payments whatsoever for other work performed outside of the time spent in the patients' homes.

13.    Defendant pays Clinical Assistants on a "per visit" basis for time spent visiting patients based on a set visit rate for each visit completed of a certain type.  For example, all routine visits are paid at a Clinical Assistant's routine visit rate, and start of care, initial evaluation, recertification visits, and attempted visits are paid at other set rates. These visit rates are based on the amount of care and documentation time required for each type of visit, and thus home visits that require more care and documentation are paid at higher rates.

14.    Defendant pays Clinical Assistants an hourly rate of pay for time spent on certain tasks, including but not limited to, time spent in staff meetings, case conferences, mentoring, compliance training and marketing. Clinical Assistants are also paid an hourly rate when they take

paid time off (PTO) and on holidays.

15.     Defendant does not pay Clinical Assistants any sums for a multitude of other work tasks they are routinely required to perform outside of the time spent in patients' homes, including but not limited to, completing documentation of patient visits ("charting"), preparation time for visits, communications with patients, physicians and case managers about scheduling, patient-care and logistical matters, coordinating patient care with other providers, travelling between patients' homes, and ordering, organizing and retrieving equipment and supplies used during their home visits.

16.     Defendant requires Clinical Assistants to use a tablet computer installed with electronic medical record software called Homecare Homebase that, among other functions, logs the time Clinical Assistants spend performing certain work tasks like visiting patients and charting. Defendant pays Clinical Assistants an overtime rate of one-half their hourly rate only when the hours logged in HCHB exceed forty hours in a workweek. However, HCHB does not log substantial amounts of time Clinical Assistants spend performing work that does not require direct use of the HCHB software, such as preparing for visits, checking and responding to email, checking and responding to voicemail, communicating with patients, physicians and other medical care providers, and coordinating care with other disciplines. In other words, time logged in HCHB represents only a partial record of the time Clinical Assistants actually spend working for Defendant's benefit.

17.     Defendant suffered and permitted Plaintiff and its other Clinical Assistants to routinely spend more than forty hours per workweek on the various work-related tasks described above, but did not pay overtime wages earned at a rate of 1½ times their regular rate of pay for hours worked in excess of forty per workweek logged in HCHB, and did not pay anything for

hours worked in excess of forty not logged in HCHB.

18.     Defendant did not maintain accurate contemporaneous records of all the hours Plaintiff and its other Clinical Assistants worked, and did not require any Clinical Assistants, including Plaintiff, to maintain such records.

19.     Defendant knew or should have known that Plaintiff and its other Clinical Assistants were working overtime hours off-the-clock, because it assigned the work they performed; it tracked their performance of this work; and it required all Clinical Assistants to complete extensive documentation detailing their work and when it was completed.

**LHC Group's Failure to Pay Earned and Vested Compensation at Separation**

20.     Defendant terminated Plaintiff's employment on April 21, 2020 as part of a reduction in force as a result of the COVID-19 pandemic.

21.     Defendant offered Plaintiff and other similarly-situated employees bonus pay when they referred a prospective employee who was hired by Defendant.

22.     Defendant agreed to pay Plaintiff a "new employee referral" bonus of $1000 that vested when the new employee remained in employment with Defendant for at least 90 days.

23.     Plaintiff referred a new employee for hire by Defendant, who had been employed for approximately five months when Plaintiff's employment was terminated.

24.     On approximately May 22, 2020, after her separation from employment, Plaintiff emailed Defendant's Human Resources representative to request payment for her new employee referral bonus. The representative replied that she should expect to receive a phone call to follow up on her request, but Plaintiff never received a call from any employee or representative of Defendant.

25.     At separation from employment, Defendant did not pay Plaintiff her vested referral

bonus.

26.     On information and belief, Defendant has failed to pay other employees their vested

bonus pay at separation from employment.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff brings her FLSA claims on a collective basis pursuant to 29 U.S.C. §

216(b) for all individuals who worked as home health Clinical Assistants for Defendant on a full-

time basis at any point during the maximum limitations period (the "FLSA Class").

28.     Plaintiff belongs to the FLSA Class she seeks to represent, because:

a.      She worked as a home health Clinical Assistant for Defendant during the

relevant period and had similar job duties to the other FLSA Class members;

b.      She received the same training from Defendant and was required to comply

with the same wage and hour policies;

c.      Plaintiff's wages were calculated and paid based on Defendant's hybrid

"per visit" and hourly wage pay scheme that included fixed, per-visit payments for some

work, hourly payments for other work, and no compensation at all for other required tasks,

unless Plaintiff's total time logged in HCHB exceeded forty hours in a workweek;

d.      Defendant routinely suffered and permitted Plaintiff to work more than

forty hours per workweek, but did not pay her overtime wages earned at a rate of $1\frac{1}{2}$ times

her regular rate of pay for hours worked in excess of forty logged in HCHB and did not

pay her anything hours worked in excess of forty not logged in HCHB;

e.      Defendant did not maintain accurate contemporaneous records of all the

hours Plaintiff worked, and did not require any Clinical Assistant, including Plaintiff, to

maintain such records;

f.      Defendant knew Plaintiff was working more than 40 hours per week, because it assigned the work she performed, tracked her performance of this work and required her to complete extensive documentation detailing her work and when it was completed; and

g.      Defendant did not pay Plaintiff proper overtime premium wages for the work she performed beyond forty hours in any work week.

29.    Although Plaintiff and the FLSA Class members may have worked in different states or under different managers, this action may be properly maintained as a collective action because, among other things:

a.      They worked under the same material terms and conditions of employment;

b.      They performed the same job duties and had the same job-related responsibilities;

c.      They received common training about their employment and the wage and hour policies and practices at issue here;

d.      They were governed by the same timekeeping policies, practices and systems;

e.      They were governed by the same compensation policies, practices and systems;

f.      They were governed by the same policies, practices and systems concerning work hours and the performance of their work; and

g.      They were governed by the same policies, practices and systems concerning overtime hours and wages.

30.     Plaintiff and the FLSA Class members do not meet any test for exemption under the FLSA.

31.     Plaintiff estimates that the FLSA Class, including both current and former employees over the relevant period, will include thousands of members. The precise number of FLSA Class members will be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

## COLORADO CLASS ALLEGATIONS

32.     Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b), on behalf of herself and all other similarly situated employees who worked for Defendant in Colorado at any point during the maximum limitations period (the "Colorado Classes").

33.     Plaintiff and other similarly situated employees all worked under common employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

34.     Plaintiff belongs to the Classes she seeks to represent because she:

a.      Is a resident of Colorado;

b.      Worked under the same material terms and conditions of employment as the Colorado Class members;

c.      Performed the same job duties and had the same job-related responsibilities as the Colorado Class members;

d.      Received the same training about her employment and the wage and hour policies and practices at issue here as the Colorado Class members;

e.      Was governed by the same timekeeping policies, practices and systems as the Colorado Class members;

f.      Was governed by the same compensation policies, practices and systems as the Colorado Class members;

g.      Was governed by the same policies, practices and systems concerning work hours and the performance of their work as the Colorado Class members;

h.      Was governed by the same policies, practices and systems concerning overtime hours and wages as the Colorado Class members; and

i.      Was governed by the same policies, practices, systems and agreements concerning bonus pay as the Colorado Class members.

## **Class Definition**

35.    Plaintiff seeks certification of two Colorado Classes consisting of the following individuals: [1]

(1)    All individuals who currently work, or have worked, for Defendant on a full-time basis as a home health Clinical Assistant in Colorado, within the applicable statute of limitations.

(2)    All individuals who worked for Defendant in Colorado within the applicable statute of limitations who were not compensated for vested bonus pay at separation from employment.

## **Numerosity**

36.    More than 40 individuals were employed by Defendant in Colorado who were subject to the same practices challenged in this action as alleged above and not paid proper overtime compensation for all time worked in excess of 40 in given workweeks and/or were not paid all compensation due at separation from employment.  Accordingly, Plaintiff satisfies the

---

[1] Plaintiff reserves the right to propose different class definitions or include additional sub-classes, if appropriate, after the completion of discovery.

numerosity requirements as the Colorado Classes are so numerous that joinder of all members is impracticable.

37.     Members of the proposed Colorado Classes can be identified and located using Defendant's payroll and personnel records. Members of the Colorado Classes may be informed of the pendency of this action by direct mail, electronic mail, text message, and/or published and broadcast notice.

## Common Questions of Fact or Law

38.     There are questions of fact and law common to the Colorado Class members which predominate over questions affecting only individual members, if any exist. Plaintiff, the members of the Colorado Classes, and Defendant has a commonality of interest in the subject matter and the remedy sought.

39.     If individual actions were required to be brought by each member of the Colorado Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the members of the Colorado Classes, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Colorado Class is entitled.

## Typicality

40.     Plaintiff's claims are typical of the claims of the Colorado Class members. As a result of Defendant's unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the Colorado Classes she seeks to represent.

## Adequacy

41.     Plaintiff is an adequate representative of the Colorado Classes she seeks to represent because she is a member of each Colorado Class, and her interests do not conflict with

the interests of the other members of the Colorado Classes. The interests of each Colorado Class member will be fairly and adequately protected by Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

**Superiority**

42.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable given that, among other reasons, Defendant operates multiple locations throughout Colorado. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

43.     Moreover, as the damages suffered by each Colorado Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each Colorado Class member to bring individual claims.

44.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of Colorado Class members to protect their interests.

**COUNT I**
**FAIR LABOR STANDARDS ACT SECTION 207**
**DEFENDANT'S FAILURE TO PAY EARNED OVERTIME**

45.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

46.     Defendant is an "Employer" as defined by 29 U.S.C. § 203(d).

47.     The wages Defendant paid to Plaintiff George and the FLSA Class members are "Wages" as defined by 29 U.S.C. § 203(m).

48.     Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

49.     Plaintiff George and the FLSA Class members are "Employees" as defined by 29 U.S.C. § 203(e)(1).

50.     Plaintiff George and the FLSA Class members are similarly-situated individuals within the meaning of 29 U.S.C. §216(b).

51.     29 U.S.C. § 207(a)(1) provides that, with certain exceptions not applicable here, non-exempt employees must be paid an overtime premium rate not less than 1½ times their regular rate of pay for all hours worked in excess of 40 hours per week.

52.     29 U.S.C. § 211(c) expressly requires employers to maintain accurate time records of the work performed by their employees.

53.     29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce employers' failure to comply with its requirements.

54.     Throughout the relevant period, Defendant was obligated to comply with the FLSA's requirements, Plaintiff George and the FLSA Class members were covered employees entitled to the FLSA's protections, and Plaintiff George and the FLSA Class members were not exempt from receiving wages required by the FLSA for any reason.

55.     Defendant wilfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly suffering or permitting Plaintiff George and the FLSA Class members to routinely work more than 40 hours per week without ensuring they were paid at the proper overtime premium rate for all hours beyond 40.

56.     Defendant willfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly failing to create or maintain accurate records of the time Plaintiff George and the FLSA Class members worked.

57.     Plaintiff George and the FLSA Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of proper overtime wages owed for work they performed from which Defendant derived a direct and substantial benefit.

58.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff George and the FLSA Class members all wages mandated by the FLSA.

**COUNT II**
**COLORADO MINIMUM WAGE ACT AND COLORADO OVERTIME AND**
**MINIMUM PAY STANDARDS ORDER**
<u>**DEFENDANT'S FAILURE TO PAY MINIMUM AND OVERTIME WAGES**</u>

59.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

60.     Plaintiff George and other similarly situated home health Clinical Assistants that currently work or worked for Defendant in Colorado during the applicable statute of limitations period (the "Colorado Class") meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61.     Defendant is an "Employer" as defined by the CMWA.

62.     Plaintiff George and the Colorado Class members are "Employees" as defined by the CWMA.

63.    The CMWA requires employers to pay their employees an adequate minimum wage[2] for all hours worked.

64.    The CMWA states that employees shall be paid for all hours worked in excess of forty hours per week or twelve hours per workday at a rate not less than 1½ times their regular rate of pay.

65.    The CMWA requires employers to keep a true and accurate record of the hours worked by each employee.

66.    The CMWA expressly allows private plaintiffs to bring a civil action to enforce an employer's failure to comply with the CMWA's requirements.

67.    The CMWA expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

68.    Throughout the relevant period, Defendant was obligated to comply with the CMWA's requirements, Plaintiff George and the Colorado Class members were covered employees entitled to the CMWA's protections, and Plaintiff George and the Colorado Class members were not exempt from receiving wages required by the CMWA for any reason.

69.    Defendant willfully violated the CMWA and acted with reckless disregard of clearly applicable CMWA provisions by knowingly suffering or permitting Plaintiff George and the Colorado Class members to routinely work more than 40 hours per workweek or more than 12 hours per workday without ensuring they were paid at the proper overtime premium rate.

---

[2]    The Colorado minimum wage is: (1) for the 12-month period beginning January 1, 2017, $9.30 per hour; (2) for the 12-month period beginning January 1, 2018, $10.20 per hour; (3) for the 12-month period beginning January 1, 2019, $11.10 per hour; and for the 12-month period beginning January 1, 2020, $12.00 per hour.

70.    Defendant willfully violated the CMWA and acted with reckless disregard of clearly applicable CMWA provisions by knowingly failing to pay Plaintiff George and the Colorado Class members any wages for a wide array of work-related tasks they were required to regularly perform, including: preparing for patient visits; communicating with patients, physicians and case managers about scheduling, patient-care and logistical matters; coordinating patient care with other providers; travelling between patients' homes; documenting information from patient visits ("charting"); and ordering, organizing, or retrieving equipment and supplies to be used during their home visits.

71.    Defendant willfully violated the CMWA and acted with reckless disregard of clearly applicable CMWA provisions by knowingly failing to create or maintain accurate records of the time Plaintiff George and the Colorado Class members worked.

72.    Plaintiff George and the Colorado Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of wages owed for work they performed from which Defendant derived a direct and substantial benefit.

73.    Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff George and the Colorado Class members all wages mandated by the CMWA.

74.    As a result of Defendant's violations of the CMWA, Plaintiff George and other members of the Colorado Class have suffered harm and are entitled to recoup their unpaid wages and other losses in an amount to be determined at trial, along with, interest and reasonable attorneys' fees and costs.

## COUNT III
## VIOLATION OF THE COLORADO WAGE CLAIM ACT
## DEFENDANT'S FAILURE TO PAY MINIMUM AND OVERTIME WAGES DUE

75.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

76.      Defendant is an "Employer" within the meaning of the Wage Claim Act, C.R.S. § 8-4-101(5).

77.     Defendant employed "Employees," including Plaintiff and members of the Colorado Class, within the meaning of the Wage Claim Act, C.R.S. § 8-4-101(4).

78.     An employer is liable if the employer does not pay an employee wages or compensation he or she has earned immediately at the time of termination. C.R.S. § 8-4-109(1).

79.     As a result of the foregoing conduct, as alleged, Defendant has failed to pay minimum and overtime wages due to Plaintiff and Colorado Class members under the Wage Claim Act, the FLSA and the Colorado Minimum Wage Act, as implemented by the relevant Colorado Minimum Wage Orders and the Colorado Overtime and Minimum Pay Standards Order, thereby violating, and continuing to violate, the Wage Claim Act, § 8-4-101, *et seq*.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

80.     As a result, Plaintiff and Colorado Class members have been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of herself and all Colorado Class members in an amount sufficient to provide compensation for all hours worked that were not compensated properly.  This demand for payment is continuing and is made on behalf of any current LHC Group employees whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed address.

**COUNT IV**
**VIOLATION OF THE COLORADO WAGE CLAIM ACT**
**DEFENDANT'S FAILURE TO PAY VESTED BONUS PAY**

81.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

82.     Bonus pay is considered "wages or compensation" under the Wage Claim Act. C.R.S. § 8-4-101(14)(a).

83.     Defendant did not compensate Plaintiff and Colorado Class members for vested bonus pay at separation from employment.

84.     As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due to Plaintiff and Colorado Class members under the Wage Claim Act, thereby violating, and continuing to violate, the Wage Claim Act, § 8-4-101, *et seq*. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

85.     As a result, Plaintiff and Colorado Class members have been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of herself and all Colorado Class members in an amount sufficient to provide compensation for all vested bonuses. This demand for payment is continuing and is made on behalf of any current LHC Group employees whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, by and through her attorneys, demands judgment against Defendant, and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of their damages, the costs of

this action, and as follows:

a.  authorize this matter to proceed as a collective action with respect to Count I;

b.  authorize this matter to proceed as a class action with respect to Counts II, III and IV;

c.  appoint Stephan Zouras, LLP and The Law Offices of Brian D. Gonzales, PLLC to serve as Class Counsel;

d.  award judgment in favor of Plaintiff and against Defendant for an amount equal to unpaid overtime compensation owed to Plaintiff and the FLSA Class members;

e.  award judgment in favor of Plaintiff and against Defendant for an amount equal to Plaintiff's and Colorado Class members' unpaid wages pursuant to the applicable wage rates under the CMWA;

f.  award judgment in favor of Plaintiff and against Defendant for an amount equal to Plaintiff's and Colorado Class members' unpaid wages due pursuant to the Wage Claim Act;

g.  declare that Defendant's violations of the FLSA, CMWA, and Wage Claim Act were willful;

h.  award Plaintiff and the FLSA Class members liquidated damages in accordance with the FLSA;

i.  award Plaintiff and members of the Colorado Classes penalties in accordance with Colorado statutory provisions;

j.  certify this action as a class action pursuant to Rule 23(a) and (b) of the

Federal Rules of Civil Procedure and certify the Colorado Classes set forth above;

k.    declare and find that Defendant willfully violated all applicable record keeping statutes;

l.    award Plaintiff reasonable attorneys' fees and all costs of the collective action, to be paid by Defendant, in accordance with the FLSA;

m.    award Plaintiff reasonable attorneys' fees and all costs of the Colorado Class action, to be paid by Defendant, in accordance with the CMWA and Wage Claim Act;

n.    award pre- and post-judgment interest and court costs as further allowed by law;

o.    award a reasonable service award for Plaintiff to compensate her for the time and effort spent protecting the interests of other employees, and the risks she has undertaken;

p.    grant Plaintiff and the FLSA Class leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

q.    provide additional general and equitable relief to which Plaintiff and the Colorado Classes may be entitled; and,

r.    provide further relief as the Court deems just and equitable.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: September 11, 2020          Respectfully submitted,

                                By: /s/ *James B. Zouras*

                                James B. Zouras
Ryan F. Stephan
Teresa M. Becvar (*will file pro hac vice*)
Catherine T. Mitchell
Megan E. Shannon (*will file pro hac vice*)
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
(312) 233-1550
(312) 233-1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
cmitchell@stephanzouras.com
mshannon@stephanzouras.com

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528

*Attorneys for Plaintiff and the Putative
Collective and Class*

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on September 11, 2020, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

_/s/ James B. Zouras_